UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

                **DECISION AND ORDER**
v.                 13-CV-278-A
                05-CR-360-A

JAMES SOHA, a/k/a JAMIE SOHA,

           Defendant.

───────────────────────────────

The petitioner, James Soha, who is proceeding *pro se*, and is a prisoner in custody, has moved pursuant to 28 U.S.C. § 2255(a) to vacate and set aside his sentence. Petitioner Soha alleges that he received ineffective assistance of appellate counsel, and that he is innocent of some of the crimes of which he stands convicted. For the reasons stated below, the petition is denied.

## BACKGROUND

After a jury trial, petitioner Soha was convicted of three counts of Hobbs Act extortion in violation of 18 U.S.C. § 1951, one count of using fire to further one of the Hobbs Act offenses in violation of 18 U.S.C. § 844(h), and one count of conspiring with his cousins David Cain, Jr., and Chris Cain, to participate in the affairs of a racketeering enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d) ("RICO conspiracy"). In 2009, the Court sentenced petitioner to approximately 12 years imprisonment and three years of supervised release.

1

The Second Circuit affirmed petitioner Soha's convictions. *United States v. Cain*, 671 F.3d 271 (2d Cir. 2012). The Court assumes the parties' familiarity with the facts and prior proceedings as summarized by the Second Circuit. The Supreme Court denied petitioner's petition for a writ of certiorari. *See* 132 S. Ct. 655 (April 2, 2012). Petitioner then filed this timely habeas corpus petition pursuant to 28 U.S.C. § 2255(a). Dkt. No. 440. Petitioner alleges two grounds for relief: First, he alleges that his appellate counsel "was ineffective for failing to raise on direct appeal that the Court constructively amended the [I]ndictment in charging the jury that 'property' for the purposes of a Hobbs Act violation can be an intangible thing of value, such as the right to pursue lawful business and the right to solicit customers"; and second, that he is actually innocent of the Hobbs Act and RICO conspiracy charges of which he stands convicted. Dkt. No. 440 at p. 5.

**DISCUSSION**

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on grounds the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To prevail with such a collateral attack of a final judgment under § 2255, a defendant must demonstrate either the existence of a "constitutional error . . . or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *U.S. v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted).

Because petitioner Soha is proceeding *pro se,* "[his] submissions should . . . be held to less stringent standards than formal pleadings drafted by lawyers . . . . [T]he Court therefore construes [his] *pro se* pleadings liberally and should interpret them to raise the strongest arguments that they suggest. Still, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F.Supp.2d 557, 559 (S.D.N.Y. 2008) (internal quotation marks and citations omitted).

## I. Ineffective Assistance of Appellate Counsel.

Petitioner Soha first alleges that his appellate counsel was ineffective for failing to raise on direct appeal that this Court constructively amended the indictment in its instruction to the jury. (Dkt. No. 440 at p. 5). To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–93 (1984), and demonstrate that: (1) counsel's performance was objectively deficient, and (2) the defendant was actually prejudiced as a result. *See also Bennett v. U.S.*, 663 F.3d 71, 84 (2d Cir. 2011). Claims of ineffectiveness at both the trial and appellate stages of litigation are evaluated under the same *Strickland* standard. *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) ("Although it was born in the context of ineffective assistance of trial counsel, *Strickland*['s] two-prong test applies equally to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right.") (citing *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985)).

It is well-settled that counsel's "[f]ailure to make a meritless argument does not amount to ineffective assistance." *U.S. v. Regalado*, 518 F.3d 143, 149 n. 3 (2d

3

Cir. 2008) (alteration in original) (quoting *U.S. v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999)). And "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *DeLuca v. Lord*, 77 F.3d 578, 588 (2d Cir. 1996) (quoting *Strickland*, 466 U.S. at 690).

After evaluating petitioner Soha's constructive amendment claim, the Court finds that petitioner fails to show that his appellate attorney's performance was deficient, such that it fell "'below an objective standard of reasonableness,' as determined by reference to 'prevailing professional norms.'" *Morales v. U.S.*, 635 F.3d 39, 43 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 688). Nor has he shown that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland*, 466 U.S. at 694)

By way of background, "[a] constructive amendment [of the indictment] occurs" when the evidence presented at trial and "the district court's jury instructions combine to 'modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than one charged by the grand jury.'" *U.S. v. Vebeliunas*, 76 F.3d 1283, 1290 (2d Cir. 1996) (quoting *U.S. v. Clemente*, 22 F.3d 477, 482 (2d Cir. 1994)). Such amendments "are *per se* violations of the fifth amendment that require reversal even without a showing of prejudice to the defendant." *Id.*

Petitioner Soha alleges the Court constructively amended the Third Superseding Indictment in violation of the Fifth Amendment by instructing the jury, for purposes of the Hobbs Act counts, that "property also includes the right to pursue

4

lawful business, including solicitation of customers necessary to conduct business. It is not limited to physical or tangible property or things." (Dkt. No. 301 at 5).

Count One of the Third Superseding Indictment reads, in pertinent part:

> [O]n or about January 4, 2001, in the Western District of New York, defendants DAVID CAIN, JR., JAMES SOHA, a/k/a "JAMIE" together with Patrick Ackroyd and others, obtained and attempted to obtain the property of JRL and Keith Kent with Kent's consent, said consent having been induced by the wrongful use of actual and threatened force, violence and fear, including fear of economic harm, in that defendant DAVID CAIN, JR. caused and directed others, including defendant JAMES SOHA, a/k/a "JAMIE" and Patrick Ackroyd, to damage and destroy JRL equipment at 13299 West Lee Road, Barre, New York *in order to obtain and attempt to obtain JRL's share of the tree service and logging business in and around Niagara and Orleans Counties.*

(Dkt. No. 165, emphasis added).[1] Petitioner Soha was charged with and ultimately convicted of three violations of the Hobbs Act, 18 U.S.C. § 1951, on the basis that he and his co-defendants obtained and attempted to obtain the property of competitors in the logging business by use of actual and threatened force, violence, fear, and fear of economic harm.

The Hobbs Act provides, in relevant part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not

---

[1] Counts Five and Seven of the Third Superseding Indictment differ as to the dates of the offenses and the names of the victims, but otherwise use the same language as Count One. (Dkt. No. 165).

5

more than twenty years, or both.

18 U.S.C. § 1951(a). The Act defines "extortion" as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). "Property" is not defined in the statute; however, at the time of petitioner Soha's trial, controlling law recognized that the concept of property under the Hobbs Act reached beyond tangible property, such as union members' LMRDA rights and the rights of business owners to solicit accounts. *See U.S. v. Gotti*, 459 F.3d 296, 324 (2d Cir. 2006); *U.S. v. Tropiano*, 418 F.2d 1069, 1075–76 (2d Cir. 1969) (the "concept of property under the Hobbs Act . . . is not limited to physical or tangible property or things, but includes . . . any valuable right considered as a source or element of wealth" (citations omitted)). Thus, there is no issue that the concept of property under the Hobbs Act was not limited to physical or tangible property or things, and a defendant could be convicted of a substantive violation of the Act for making threats that induced a competitor to stop soliciting business. The jury in this case was therefore properly instructed.

Moreover, there is nothing in the jury instruction that deviated from the evidence presented at trial, *see infra* at II., or from the indictment, which charged the defendants with using "actual and threatened force, violence and fear, including fear of economic harm . . . in order to obtain and attempt to obtain [the victim's] *share of the tree service and logging business* . . . ." (Dkt. No. 301 at 5, emphasis added). The indictment and jury instruction were therefore consistent with regard to

6

intangible property and the right to solicit business.[2] Petitioner Soha cannot show here, nor could he on appeal, that "the terms of the indictment [were] in effect altered by the presentation of evidence and jury instructions which so modif[ied] essential elements of the offense charged that there [wa]s a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *U.S. v. Mollica*, 849 F.2d 723, 729 (2d Cir. 1988). Because the indictment, evidence, and jury instructions were not inconsistent, there is no risk that the "defendant may have been convicted of an offense other than that charged in the indictment." *U.S. v. Binday*, 804 F.3d 558, 584 (2d Cir. 2015).

Accordingly, the Court finds no factual or legal basis for finding that the Third Superseding Indictment was constructively amended, and as a result, it is clear appellate counsel was not obligated by the Constitution to raise a meritless argument on petitioner Soha's behalf.[3] *See Aparicio*, 269 F.3d at 99. Petitioner's claim of ineffective assistance of appellate counsel is without merit. *See Hall v. Phillips*, No. 04–CV–1514, 2007 WL 2156656, at * 13 (E.D.N.Y. July 25, 2007) ("The law in this circuit is clear that when the underlying claims themselves are found to be meritless, the ineffective assistance claim is meritless as well.").

---

[2] The Court of Appeals engaged in a thorough review of the evidence at trial that supported the Hobbs Act convictions. *Cain*, 671 F.3d at 279-84. The Court assumes familiarity with that discussion.
[3] Petitioner Soha's co-defendant, David Cain, Jr., raised a similar claim of constructive amendment on appeal relating to the extortion convictions. The Second Circuit noted in passing that the argument was "entirely without merit." *Cain*, 671 F.3d at 284 n. 56.

## II. Actual Innocence.

Although petitioner Soha frames his second ground for relief as asserting "actual innocence," his claim actually asserts that the Supreme Court's decision *Sekhar v. U.S.*, 133 S.Ct. 2720 (2013), sets forth a new substantive rule that narrows the scope of Hobbs Act requiring the Court to vacate his convictions. Dkt. Nos. 440, 446 at pp. 7-11. Petitioner argued on appeal that the proof at trial was inadequate to sustain the jury's guilty finding on the three extortion charges. Specifically, he argued there was insufficient evidence to establish that he obtained or attempted to obtain property rights within the meaning of the Hobbs Act because the defendants did not actually "obtain" specific tree service jobs or a quantifiable portion of the tree-service market in Niagara County. *See U.S. v. Cain*, 671 F.3d 271, 279 (2d Cir. 2012). The Second Circuit rejected the argument as "unpersuasive for several reasons." *Id.*[4] The appeals court then extensively discussed the evidence relative to each count of extortion before concluding that "the jury had an ample evidentiary basis from which to conclude that David Cain, assisted by Jamie Soha and others, engaged in a sustained campaign to intimidate the competitors of David's Tree Service into *handing over their businesses to him*." *Id.* at 282 (emphasis added). The evidence demonstrated, among other things, that the defendants made violent threats to their victims in order to deter them from competing for specific jobs, and that their competitors' equipment was found

---

[4] To the extent petitioner seeks to challenge the sufficiency of the evidence against him at trial, the challenge fails because "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Cabrera v. U.S.*, 972 F.2d 23, 25 (2d Cir. 1992).

8

vandalized, destroyed, or stolen after the defendants were underbid for tree service jobs. *Id.* at 280-84.

At the time of petitioner Soha's appeal, the Second Circuit's decision in *U.S. v. Tropiano*, 418 F.2d 1069 (2d Cir. 1969), was the applicable law. *Cain,* 671 F.3d at 282. *Tropiano* held that the right to solicit accounts constituted property within the definition of the Hobbs Act, such that a defendant who owned a trash removal business could be convicted of a substantive violation of the Act for making threats that induced a competitor to stop soliciting business in the area. 418 F.2d 1069. The Second Circuit, in deciding petitioner's appeal, determined that the Government's theory of extortion was consistent with the law as articulated by the Supreme Court and in *Tropiano*. *Cain*, 671 F.3d at 282.

The Second Circuit further observed that it must also consider "whether the property that is the subject of the extortion is valuable in the hands of the defendant," under *Scheidler v. National Organization for Women, Inc.*, 537 U.S. 393, 405 (2003), in which the Supreme Court suggested that property is "obtained" within the meaning of the Hobbs Act only if the defendants "received something of value . . . that they could exercise, transfer, or sell." *Id.* (internal quotation marks omitted). The Second Circuit found the "obtainable property" element satisfied in petitioner's case, where "the defendant seeks to exploit the very intangible right [to compete] that he extracts from the victim." *Cain*, 671 F.3d at 282.

One year later in *Sekhar v. U.S.*, 133 S.Ct. 2720 (2013), the Supreme Court held that attempting to compel a person to recommend that his employer approve an investment does not constitute the "obtaining of property from another" under the

9

Hobbs Act. *Sekhar* reiterated that extortion required the victim to "part" with property, and the extortioner to "obtain" it. Stated differently, "[t]he property extorted must be *transferable* – that is, capable of passing from one person to another." 133 S. Ct. at 2725. (emphasis in original). The Supreme Court concluded that the "abstract" nature of the deprivation alleged (a corporate counsel's investment recommendation) could not constitute obtainable property under the Hobbs Act." *Id.* at 2725-6 ("a defendant must pursue something of value from the victim that can be exercised, transferred, or sold . . . .")

In essence, petitioner Soha seeks to read *Sekhar* as compelling a finding of guilt for coercion, and not extortion, since the acts of destroying his competitors' equipment was to prevent them from exercising a lawful trade and to interfere with their ability to run their businesses, not to "obtain" the victim's property as such. *See Sekhar*, 133 S. Ct. at 272 ("Clearly, petitioner's goal was not to acquire the general counsel's intangible property right to give disinterested legal advice. It was to force the general counsel to offer advice that accorded with petitioner's wishes.") (internal quotation marks omitted). By this reasoning, petitioner is "actually innocent" of the Hobbs Act extortion counts. (Dkt. No . 446 at 4). The petitioner is mistaken.[5]

The evidence at trial showed that petitioner and his co-conspirators attempted to or were successful in putting competitors out of business so that they could acquire their business or market share. This does not run afoul of the principle of

---

[5] Because petitioner's *Sekhar* claim fails on the merits, the Court need not determine whether *Sekhar* may be retroactively applied. In addition, the Government has not raised that point. *See Caspari v. Bohlen*, 510 U.S. 383, 389 (1994) ("We have recognized that the nonretroactivity principle 'is not jurisdictional in the sense that [federal courts] . . . must raise and decide the issue *sua sponte*.'") (quoting *Collins v. Youngblood*, 497 U.S. 37, 41, (1990)).

obtainable property articulated in *Sekhar*. Indeed, citing the Second Circuit's decision in *Tropiano*, the Supreme Court explicitly reserved the question of whether threats to a business competitor that produce a transfer of a customer's revenue violate the Hobbs Act. *Sekhar*, 133 S. Ct. at 2725 n. 2 ("It may well be proper under the Hobbs Act for the Government to charge a person who . . . obtains goodwill and customer revenues by threatening a market competitor[.]") (internal quotations and citations omitted).

Moreover, several post-*Sekhar* extortion cases have held that "property" within the meaning of the Hobbs Act extends to, *inter alia*, a warehouse tenancy; confidential business information; information from a client list; union members' voting rights; and the right to solicit restaurant patrons and good will from those patrons. *See Re v. U.S.*, 736 F.3d 1121, 1123 (7th Cir. 2013); *U.S. v. Silver*, 117 F.Supp. 3d 461, 467 n.8 (S.D.N.Y. 2015); *U.S. v. Colvard*, No. 13-CR-109, 2015 WL 5123893, at *6 (M.D. Pa. Sept. 1, 2015); *U.S. v. Perry*, 37 F. Supp. 3d 546, 554 (D. Mass. 2014); *U.S. v. D'Anna*, No. 13-20119, 2015 WL 5737165, at *2 (E.D. Mich. Oct. 1, 2015); *cf. U.S. v. Larson*, No. 07-CR-304S, 2013 WL 5573046, at *6 (W.D.N.Y. Oct. 9, 2013) ("jobs and pay" remain obtainable property under the Hobbs Act, whereas the right to make business decisions free from interference do not). All of these courts found that the sorts of intangible property at issue could effectively be acquired to further defendants' own interests and benefit. Thus, assuming *Sekhar* has retroactive effect, the prevailing authorities do not read it as resolving the issue in petitioner Soha's favor.

"Properly construed, 'property' within the meaning of the Hobbs Act extends to both tangible items with value and 'any valuable right considered as a source or element of wealth.'" *Mackin v. Auberger*, 59 F.Supp.3d 528, 549 (W.D.N.Y. 2014) (quoting *U.S. v. Tropiano*, 418 F.2d 1069, 1075–76 (2d Cir. 1969)); *see also Scheidler*, 537 U.S. at 405 (referring to property as "something of value" (quoting *U.S. v. Nardello,* 393 U.S. 286, 290 (1969))). Here, the defendants set out to obtain something of financial value—their competitors' business—which was also transferrable to the defendants in the form of contracts for work. *See U.S. v. Silver*, 117 F. Supp. 3d 461, 469 (S.D.N.Y. 2015) ("Obtaining business (even if, to be paid, the defendant had to perform additional work) meets the Hobbs Act's requirement that the defendant obtain transferable property with the victim's consent.") (citing *Cain*, 671 F.3d at 282–83). For all these reasons, the Court concludes that Supreme Court's decision in *Sekhar* does not negate the criminality of petitioner Soha's conduct, and therefore does not impair the validity of his Hobbs Act convictions. Because petitioner's arguments challenging his RICO conspiracy conviction are predicated on his meritless challenges to the Hobbs Act convictions, his challenge of the RICO conspiracy conviction also fails.

## CONCLUSION

The motion of the petitioner, James Soha, pursuant to 28 U.S.C. § 2255(a) to vacate and set aside his sentence is denied for all of the reasons stated above. In light of this conclusion, petitioner's motion for bail, Dkt. No. 461, is denied as moot.

The Court considered petitioner Soha's request for assignment of counsel, Dkt. No. 446, p. 11, and determined, in light of the applicable standards, counsel

should not be appointed. The Court finds, because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2). The Clerk of Court shall enter judgment in favor of the United States and take all steps necessary to close the case.

**SO ORDERED.**

                                        *s/Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE

DATED: May 22, 2017